UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KAREN A. BARLOW, | ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) | NO. 18-40196-TSH |
| v. | ) ) |  |
| SPS SELECT PORTFOLIO SERVICING, INC., | ) ) ) |  |
| Defendant. | ) ) ) |  |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (Docket No. 6)

**November 29, 2018**

**HILLMAN, D.J.**

Karen Barlow ("Plaintiff") filed this motion for a preliminary injunction to bar the foreclosure sale of her property at 4 Southview Road, Worcester, Massachusetts ("Property"). For the reasons stated below, Plaintiff's motion (Docket No. 6) is ***denied***.

### Background

On November 20, 2018, Plaintiff filed a complaint seeking to bar the foreclosure sale of the Property scheduled for the following day. Plaintiff alleged that she was not given proper notice of default, of her right to cure, or of foreclosure; she was not provided a copy of the original note and all original assignments; and the foreclosing entity lacked authority to foreclose, waived or forfeited the right to do so because of its inaction/conduct, and failed to comply with Massachusetts law. (Docket No. 1, at 6).

On November 21, 2018, Plaintiff filed an emergency motion for a temporary restraining order to bar the foreclosure sale scheduled that day. Plaintiff argued that SPS Select Portfolio

Servicing, Inc. ("Defendant") failed to comply with 209 CMR 54.00 and ignored numerous requests for time to apply for a loan modification. (Docket No. 6, at 1). This Court denied that request and the Property was sold at a foreclosure auction on November 21, 2018. In denying Plaintiff's TRO, the Court agreed to hold a hearing and consider Plaintiff's motion as a motion for preliminary injunction. (Docket No. 7).

## Standard of Review

In evaluating a motion for a preliminary injunction, the Court considers four factors: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities, and whether an injunction is in the public interest. *Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). "The party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in its favor." *Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cor. 1998). "[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

## Mootness

The doctrine of mootness requires "that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 460 n.10, 94 S.Ct. 1209 (1974). Thus, mootness is akin to "'the doctrine of standing set in a time frame.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 338, 397, 100 S.Ct. 1202 (1980) (quoting H.P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363,

2

1384 (1973)). "If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case." *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003) (citation omitted). Defendants have the heavy burden of establishing mootness. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894 (1953) ("The case may . . . be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. The burden is a heavy one." (quotation marks and citation omitted)). Thus, for a court to dismiss a case as moot, it must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89 S.Ct. 361 (1968).

## Discussion

Because the Property was sold at a foreclosure auction on November 21, 2018, "this court lacks the power to turn back the clock" and Plaintiff's request for injunctive relief preventing foreclosure is moot. *Matos ex rel. Matos v. Clinton School Dist.*, 367 F.3d 68, 72 (1st Cir. 2004); *see also Rubacky v. Morgan Stanley Dean Witter Credit Corp.*, 104 Fed.Appx. 575, 758 (1st Cir. 2004) ("Because the sale has now occurred, plaintiff's request to enjoin the sale has become moot."); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 210 n.2 (1st Cir. 2012) (noting that because the plaintiff's home was already sold at a foreclosure auction, the "claims for injunctive relief may be moot.").

## Conclusion

For the reasons stated above, Plaintiff's motion for a preliminary injunction (Docket No. 6) is ***denied***.

**SO ORDERED.**

                                        **/s/ *Timothy S. Hillman***
                                        **TIMOTHY S. HILLMAN**
                                        **DISTRICT JUDGE**